IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**May 1, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ACNR RESOURCES, INC.,**
**Employer Below, Petitioner**

**v.) No. 25-ICA-386**      (JCN: 2025011213)

**THOMAS BANCO,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner ACNR Resources, Inc. ("ACNR") appeals the September 3, 2025, order of the Workers' Compensation Board of Review ("Board"), which reversed the claim administrator's order that rejected the claim, and ordered that Respondent Thomas Banco's claim be held compensable for a left elbow fracture and rupture of the left triceps tendon, and remanded the claim to the claim administrator to issue an order for a determination of Mr. Banco's entitlement to temporary total disability ("TTD") benefits. Mr. Banco filed a response.[1] ACNR did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Mr. Banco is employed by ACNR at its Marshall County Mine as a compliance foreman and fireboss. On May 5, 2025, Mr. Banco sought medical care in the emergency department at Reynolds Memorial Hospital and stated he was experiencing pain and swelling in his left elbow. He stated he slipped and fell on his elbow while he was chasing his granddaughter on May 4, 2025. An x-ray was performed and showed a proximal avulsion fracture and findings suggesting a distal triceps tendon tear. The clinical impression was a closed fracture of the left elbow.

In a Marshall County Mine Report of Injury Investigation form completed on May 6, 2025, Mr. Banco stated that he fractured his left elbow after tripping and falling at work

---

[1] ACNR is represented by Aimee M. Stern, Esq. Mr. Banco is represented by Christopher J. Wallace, Esq.

1

on May 4, 2025. Mr. Banco stated he was performing his job as a fire boss when he tripped on a roller hidden under approximately eight inches of water and mud. Mr. Banco stated the fall occurred around 10:30 p.m. and he reported it to ACNR at 11:15 p.m. on that same date. On May 7, 2025, Mr. Banco again presented to the emergency department at Reynolds Memorial Hospital, this time complaining of increased left arm pain and swelling. The clinical impression was left arm pain and swelling, a left elbow olecranon fracture, and left triceps tendon tear.

On May 7, 2025, Mr. Banco filed an Employees' and Physicians' Report of Occupational Injury or Disease ("Report of Injury") stating he was injured at work on May 4, 2025, when he was walking over a conveyor belt, which was underwater, and tripped on a roller structure causing him to fall. The physician's section was completed by a medical provider at WVU Reynolds Hospital on May 7, 2025, and the provider stated Mr. Banco suffered an occupational injury to his left elbow.

On May 14, 2025, Mr. Banco was seen by Michael D. Myers, D.O., and reported persistent left elbow pain and swelling following his fall in the coal mine. An MRI showed a full-thickness retracted tear of the left triceps. Dr. Myers assessed Mr. Banco with a rupture of the left triceps tendon and a closed fracture of the olecranon process of the left ulna. Dr. Myers recommended surgery to repair the triceps tear. On May 19, 2025, the claim administrator issued an order denying Mr. Banco's claim due to a failure to timely report the injury and conflicting information regarding how the injury occurred. Mr. Banco protested this order.

Mr. Banco signed a written statement on July 21, 2025, explaining that he provided different stories about how he was injured because he was concerned that he would be fired from his job if the injury was not severe enough to file a workers' compensation claim. He stated that he suffered a prior knee injury and was off work for a few months. During that time off, Mr. Banco heard rumors that he was going to be fired, and, once he returned to work, ACNR's general manager called a meeting and alleged that employees were making fraudulent injury claims. Mr. Banco further stated that he was demoted two levels from a lead foreman to a compliance foreman after he returned to work following the knee injury. This elbow injury occurred only two weeks after Mr. Banco returned to work from his knee injury, and he was worried he would be fired based on the general manager's statements. He relayed these concerns to his supervisor and wanted to determine if the injury was serious before he filed a workers' compensation claim. He told the emergency department that he had fallen while chasing his granddaughter because he thought the injury might be minor. He was already scheduled off on May 5, 2025, but immediately reported the injury when he returned to work on May 6, 2025. He was asked to fill out an accident report, and ACNR's human resources representative advised Mr. Banco to return to the emergency department on May 7, 2025, to complete a Report of Injury.

On September 3, 2024, the Board issued an order reversing the claim administrator's May 19, 2025, order, ordering Mr. Banco's claim be held compensable for a left elbow fracture and rupture of the left triceps tendon, and remanded the claim to the claim administrator to determine if Mr. Banco is entitled to TTD benefits. It is from this order that ACNR now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, ACNR asserts one assignment of error and argues the Board was clearly wrong in finding Mr. Banco's claim compensable because he stated his injury was not work related when he first sought treatment and only stated it was work related after he realized the extent of his injury. We disagree. "In order for a claim to be held compensable under the Workmen's Compensation Act, three elements must coexist: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment." Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970); *see also* W. Va. Code § 23-4-1(a) (2024).

In this case, the Board held that Mr. Banco satisfied the first element of this test because the weight of the medical evidence established that he sustained a left triceps tendon rupture and a left elbow fracture. Regarding whether this injury was received in the course of and resulting from employment, the Board acknowledged that Mr. Banco reported he was injured while chasing his granddaughter when he first sought medical treatment at the emergency department on May 5, 2025. However, the Board noted that ACNR's May 6, 2025, injury investigation form, all subsequent medical records, Mr.

Banco's Report of Injury form, and the Employer's Report of Injury[2] contained statements showing Mr. Banco was injured as a result of a workplace fall that occurred on May 4, 2025. The Board also noted that Mr. Banco's representation that he immediately reported his injury to his supervisor was corroborated by statements in ACNR's Report of Injury Investigation form indicating the injury was first reported on the date it occurred. The Board held that Mr. Banco's statements were consistent throughout the remainder of the record, with the exception of the emergency department records.

Further, the Board explicitly found Mr. Banco's written statement explaining why his reports were inconsistent to be credible and noted that no evidence was presented to refute his claim that he was concerned about retaliation from ACNR. We decline to disturb credibility determinations made by the Board. *See Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995) ("We cannot overlook the role that credibility places in factual determinations, a matter reserved exclusively for the trier of fact. We must defer to the ALJ's credibility determinations and inferences from the evidence . . . .").

Based on its review of the evidence, the Board held that Mr. Banco met his burden of establishing that he sustained an injury in the course of and resulting from his employment. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order and holding Mr. Banco's claim compensable for a left elbow fracture and a rupture of the left triceps tendon.

Accordingly, we affirm the Board's September 3, 2025, order.

Affirmed.

**ISSUED:** May 1, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[2] ACNR did not include the Employer's Report of Injury form in the record on appeal.